NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-710

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 314343

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe (Doe), appeals from a judgment entered in the Superior Court upholding his classification as a level three sex offender. He claims that the evidence did not support the hearing examiner's classification decision. We affirm.

Background. We summarize the relevant facts as set forth in the hearing examiner's decision, supplemented by undisputed facts from the record. See Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011) (Doe No. 10800).

Doe has a long history of exposing himself to unsuspecting women and masturbating in front of them. On February 17, 2011,

the Sex Offender Registry Board (SORB), designated Doe as a level two sex offender.  This classification followed a 2007 conviction for indecent exposure and two separate convictions from 2009 and 2010 for open and gross lewdness and lascivious behavior.  In December 2014, SORB sought to change Doe's classification to level three following another conviction for open and gross lewdness and lascivious behavior.  Doe challenged this reclassification through a de novo hearing, and on August 2, 2016, SORB ordered that he continue to register as a level two offender.

On January 6, 2020, following numerous new incidents resulting in criminal charges, SORB again sought to reclassify Doe as a level three sex offender.  Doe challenged the change through a de novo hearing, and the hearing examiner reclassified him as a level three sex offender.  Doe sought judicial review, claiming that the hearing examiner's decision was unsupported by substantial evidence.  A Superior Court judge denied Doe's motion for judgment on the pleadings and affirmed the level three classification.  Doe appeals.

Discussion.  A reviewing court can only "set aside or modify [SORB's] classification decision where it determines that the decision is in excess of [SORB's] statutory authority or jurisdiction, is based on an error of law, is not supported by

2

substantial evidence, or is an arbitrary and capricious abuse of discretion." Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 754 (2021) (Doe No. 3177). In making this determination, we "give due weight to the experience, technical competence, and specialized knowledge of the agency." G. L. c. 30A, § 14 (7). Doe therefore "bears a heavy burden of establishing that [SORB's] decision was incorrect." Doe No. 3177, 486 Mass. at 757, quoting Boston Police Dep't v. Civil Serv. Comm'n, 483 Mass. 461, 469 (2019).

1. Level three classification. On appeal, Doe concedes that he poses a high risk to reoffend, but given the noncontact nature of his offenses, he claims that the evidence was insufficient to support a finding that he poses a high degree of dangerousness warranting a level three classification. A level three classification is appropriate when the hearing examiner determines, by clear and convincing evidence that "the risk of reoffense is high and the degree of dangerousness posed to the public is such that a substantial public safety interest is served by active dissemination." Doe, No. 3177, 486 Mass. at 754, quoting G. L. c. 6, § 178K (2) (c). "We review the examiner's finding that clear and convincing evidence supported the classification to determine whether it was supported by substantial evidence." Doe, Sex Offender Registry Bd. No.

3

523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 94 (2019). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." G. L. c. 30A, § 1 (6). Our review "does not turn on whether, faced with the same set of facts, we would have drawn the same conclusion . . . but only whether a contrary conclusion is not merely a possible but a necessary inference" (quotation and citation omitted). Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 110 (2014).

We are satisfied that the classification is supported by substantial evidence. The hearing examiner considered ample evidence showing Doe's dangerousness: he offended against stranger victims (factor 7); he offended while on probation (factor 13); he offended against diverse victims (factor 21); and he offended against at least thirteen victims (factor 22). See 803 Code Mass. Regs. §§ 1.33(7), (13), (21), (22) (2016). Although noncontact offenses, Doe's sexualized behavior appeared, as the examiner found, to be "escalating" to the point of causing reasonable fear that he posed a danger of committing a contact offense. Unlike some of Doe's prior offenses that appeared random and desultory, over a forty-five day period in 2020, Doe committed offenses that focused attention on particular individuals: he knocked on a woman's home window to

get her attention while holding a sharp object, and attempted to open her windows; he had been near the same woman's home staring into her bedroom window a few nights earlier; on two occasions he followed a woman, called out her name, and masturbated in her presence; and after calling out to a woman, seemingly to ask for directions, he exposed himself and masturbated in front of her.

The hearing examiner could properly conclude that such "actions are likely to place a person in reasonable apprehension of him committing a contact offense" especially given that one of the women "was so scared she felt the need to hide in a neighbor's yard." See Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 659 (2019) ("noncontact offenders whose actions are likely to create a fear of bodily harm are generally more dangerous than noncontact offenders whose actions are unlikely to generate such fear"). Additionally, Doe's most recent sex offense in May 2021 provided further evidence of conduct escalating toward violence. After exposing himself in a public park and being confronted by a park employee, Doe exposed himself repeatedly to persons in the park before being confronted by park rangers. He threatened the rangers with physical violence and fled. Viewing the record as a whole, the hearing examiner based her decision on substantial

5

evidence, and we discern no error or abuse of discretion. See Doe No. 3177, 486 Mass. at 754.

2. Expert testimony. Doe next contends that the hearing examiner abused her discretion by failing to provide an objectively adequate reason for rejecting his expert's opinion that Doe presents with a low degree of dangerousness. We disagree.

"Doe is not entitled to a guarantee that SORB will reach the same conclusion as his expert; he is entitled only to careful consideration of his expert testimony." Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 137 (2019) (Doe No. 23656). There is no requirement that the hearing examiner adopt the "opinion of a witness testifying on behalf of a sex offender . . . even where the board does not present any contrary expert testimony." Doe No. 10800, 459 Mass. at 637. Rather, the examiner must "explain[] on the record its reasons for rejecting portions of [an expert's] testimony." Doe No. 23656, supra at 136. Here, the record shows that the hearing examiner explained why she rejected the expert's opinion that Doe presented a low degree of dangerousness: "Like the doctor, I have considered that [Doe's] offending has consisted of non-contact offenses, thus far. However, I also consider that [Doe's] behavior during his more

6

recent offending is escalating to following and luring women by name, and he has also potentially attempted to enter a home." The hearing examiner was entitled to determine "how much weight to assign the expert's ultimate conclusions." Id. at 138.  We discern no error or abuse of discretion.

Judgment affirmed.

By the Court (Vuono,
   Englander & Hodgens, JJ.[1]),

Clerk

Entered: December 13, 2024.

---

[1] The panelists are listed in order of seniority.